[Cite as *State v. Carter*, 2026-Ohio-2989.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

TYLER L. CARTER,

    DEFENDANT-APPELLANT.

CASE NO. 13-25-19

OPINION AND
JUDGMENT ENTRY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

TYLER L. CARTER,

    DEFENDANT-APPELLANT.

CASE NO. 13-25-20

OPINION AND
JUDGMENT ENTRY

Appeals from Seneca County Common Pleas Court
Trial Court Nos. 25 CR 0101 and 25 CR 0008

**Judgments Affirmed**

**Date of Decision: August 3, 2026**

**APPEARANCES:**

*Brian A. Smith* **for Appellant**

**WALDICK, J.**

{¶1} Defendant-appellant, Tyler L. Carter ("Carter"), brings these appeals from the September 30, 2025 judgments of the Seneca County Common Pleas Court. For the reasons that follow, we affirm the judgments of the trial court.

*Background*

{¶2} On January 8, 2025, Carter was indicted in trial court case 25CR0008 for Possession of Cocaine in violation of R.C. 2925.11(A), a fifth degree felony. Carter was arraigned on March 20, 2025, and he pled not guilty to the charge. At arraignment, the next hearing was set for April 10, 2025.

{¶3} Carter failed to appear for the April 10, 2025 hearing, although his attorney was present. A bench warrant was issued for Carter's arrest. After Carter was located, his next hearing was held April 22, 2025. Despite Carter's prior failure to appear, Carter was again given an "OR Bond." The next hearing was scheduled for May 5, 2025.

{¶4} Carter again failed to appear for the May 5, 2025 hearing, though his attorney was present. Another bench warrant was issued for Carter.

{¶5} On May 8, 2025, Carter was indicted in trial court case 25CR0101 for Failure to Appear in violation of R.C. 2937.29/R.C. 2937.99, a fourth degree felony. Carter pled not guilty to the new charge.

{¶6} On August 19, 2025, Carter proceeded to a bench trial on the Possession of Cocaine charge in trial court case 25CR0008. After the evidence was presented, Carter was found guilty as charged.

{¶7} On September 25, 2025, Carter proceeded to a bench trial on the Failure to Appear charge in trial court case 25CR0101. After the evidence was presented, Carter was found guilty as charged.

{¶8} On September 30, 2025, Carter proceeded to sentencing in both trial court cases. Carter was placed on community control in both cases with numerous conditions attached. Judgment entries memorializing Carter's convictions were filed that same day. It is from these judgments that Carter appeals, asserting the following assignments of error for our review.

### First Assignment of Error

**Because the performance of Appellant's trial counsel fell below an objective standard of reasonable representation and prejudiced Appellant, the failure of Appellant's trial counsel to file a Motion to Suppress, in case number 25 CR 0008, as to statements made by Appellant following his arrest constituted ineffective assistance of counsel, in violation of Appellant's right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.**

**Second Assignment of Error**

**Because the trial court, as trier of fact, lost its way and created a manifest miscarriage of justice in convicting Appellant, Appellant's convictions, in both case numbers 25 CR 0008 and 25 CR 0101, were against the manifest weight of the evidence.**

{¶9} For ease of discussion, we elect to address the assignments of error out of the order in which they were raised.

*Second Assignment of Error*

{¶10} In his second assignment of error, Carter argues that his convictions in both cases are against the manifest weight of the evidence. As each case was tried separately, we will address them separately below.

Standard of Review

{¶11} In determining whether a conviction is against the manifest weight of the evidence, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). When applying the manifest weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn

the trial court's judgment." *State v. Haller*, 2012-Ohio-5233, ¶ 9 (3d Dist.), quoting *State v. Hunter*, 2011-Ohio-6524, ¶ 119.

Trial Court case 25CR0008/Appeal 13-25-20

{¶12} In trial court case 25CR0008, Carter was charged with Possession of Cocaine in violation of R.C. 2925.11(A)/(C)(4)(a), a fifth degree felony, which reads as follows:

> (A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.
>
> . . .
>
> (C) Whoever violates division (A) of this section is guilty of one of the following:
>
> . . .
>
> (4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:
>
> (a) Except as otherwise provided in division (C)(4)(b), (c), (d), (e), or (f) of this section, possession of cocaine is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

{¶13} In order to convict Carter of Possession of Cocaine at trial, the State presented the testimony of Officer Drew Westenbarger of the Tiffin Police

Department. Officer Westenbarger testified that he was conducting road patrol in Tiffin on September 11, 2024, when he observed a male walking west on Market Street wearing a "hoodie" and a face covering. Officer Westenbarger thought the outfit was suspicious because it was "rather warm that day[.]"

{¶14} Officer Westenbarger testified that he thought he recognized the "gait" of the person walking as being Carter, and Officer Westenbarger believed that Carter had an active warrant for his arrest. Officer Westenbarger checked with dispatch and Carter did, in fact, have an active warrant seeking his arrest.

{¶15} Officer Westenbarger got out of his cruiser and called out to Carter, confirming it was, in fact, Carter. Officer Westenbarger informed Carter that there was an active warrant and he was going to be placed into custody. Officer Westenbarger then conducted a search incident to arrest of Carter's person and found a small bit of marijuana and a small bit of a white, powdery substance Officer Westenbarger suspected to be cocaine. Although Carter had not been read his Miranda rights, Carter also informed Officer Westenbarger that he had a small bit of marijuana and cocaine on his person.

{¶16} The parties stipulated to the chain-of-custody of the suspected cocaine. At trial, the State presented the testimony of a forensic scientist from BCI who ultimately concluded after testing that the white powdery substance submitted was .2 grams, +/- .05 grams, containing cocaine.

{¶17} After the evidence was presented, the trial court found Carter guilty of Possession of Cocaine as charged. Carter now argues on appeal that the State failed to establish that Carter possessed the cocaine "knowingly." He argues that the amount of cocaine on his person was "minute," about the same weight as "a stick of gum, [or] a thumbtack[.]" Carter contends that the trial court erred by finding that the facts and circumstances established Carter's guilt beyond a reasonable doubt.

{¶18} Revised Code 2901.22(B) defines "knowingly" as follows:

(B) A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

{¶19} In reviewing the evidence, we first emphasize that Carter admitted to Officer Westenbarger that he possessed cocaine on his person, giving a clear indication that he "knowingly" possessed the cocaine in his pocket. However, notwithstanding Carter's statement, which he now argues on appeal lacked credibility, when Officer Westenbarger conducted a search-incident-to-arrest of Carter's person, he located the small bag of the white powdery substance and sent it to the lab for testing. The laboratory testing confirmed the substance contained cocaine.

{¶20} Courts have continuously held that contraband in a defendant's pocket established an exercise of control over the drug. *E.g. State v. Copeland*, 2010-Ohio-4916, ¶ 21 (2d Dist.) ("To find otherwise would be to set aside common sense as it relates to the plain meaning of the concepts of 'possession' and 'control.'"); *see State v. Rowe*, 2023-Ohio-3686, ¶ 24 (3d Dist.) ("It is a reasonable inference for a trier of fact to conclude that a person has knowledge of an item contained in the clothing they are wearing.").

{¶21} As the substance was found on Carter's person during a search incident to arrest, we do not find that the trial court clearly lost its way by finding that Carter possessed the cocaine. While Carter may argue that the amount was "miniscule," the state legislature has determined that possession of any amount of cocaine is a violation of R.C. 2925.11(A)/(C). We do not find that this is one of the exceptional cases where the evidence weighs heavily against the conviction.

Trial Court case 25CR0101/Appeal 13-25-19

{¶22} In trial court case 25CR0101, Carter was charged with Failure to Appear in violation of R.C. 2937.29/2937.99, a fourth degree felony. These statutes read as follows:

R.C. 2937.29

When from all the circumstances the court is of the opinion that the accused will appear as required, either before or after conviction, the accused may be released on his own recognizance. A failure to appear as required by such recognizance shall constitute an offense subject to the penalty provided in section 2937.99 of the Revised Code.

R.C. 2937.99

(A) No person shall fail to appear as required, after having been released pursuant to section 2937.29 of the Revised Code. Whoever violates this section is guilty of failure to appear and shall be punished as set forth in division (B) or (C) of this section.

(B) If the release was in connection with a felony charge or pending appeal after conviction of a felony, failure to appear is a felony of the fourth degree.

{¶23} In order to convict Carter of Failure to Appear at trial, the State presented the testimony of a Seneca County Common Pleas Court bailiff. The bailiff testified that Carter was present at arraignment for his Possession of Cocaine case, he was informed of the next scheduled hearing on April 10, 2025, and he did not appear.

{¶24} The bailiff identified several exhibits that were introduced into evidence. The exhibits included the original document releasing Carter on his own recognizance, and the judgment entry indicating Carter failed to appear for the April 10, 2025 hearing/ordering a bench warrant for his arrest.

{¶25} Carter testified on his own behalf at the trial, claiming that he was homeless, that he did not have a phone, that he thought the pretrial was just for the lawyers, that he was under distress, and that he was not able to keep track of dates. The trial court found Carter guilty as charged.

{¶26} On appeal, Carter argues that because the statutes in question did not contain a culpable mental state, the State had to show that Carter acted "recklessly"

by failing to appear at the hearing. Carter argued that the evidence did not support a finding that he acted recklessly in failing to appear. We disagree.

**{¶27}** The record is clear that Carter was present at his arraignment when the April 10, 2025 hearing was scheduled. The judgment entry from arraignment also specified that date. Notably, Carter's attorney was present for the April 10, 2025, pretrial hearing. However, Carter's contention that he thought the hearing was for "lawyers" could certainly be considered a reckless action since his own "OR Bond" indicated he would have to appear at all requisite court hearings. Moreover, as Carter testified on his own behalf at trial, the trial court was free to determine his excuses for not appearing were not credible.

**{¶28}** After reviewing the evidence, we do not find that Carter's conviction for Failure to Appear is one of the few cases where the evidence weighs heavily against the conviction. Therefore, his conviction for Failure to Appear is not against the weight of the evidence.

**{¶29}** Having found that both of Carter's convictions were not against the weight of the evidence, his second assignment of error is overruled.

*First Assignment of Error*

**{¶30}** In his first assignment of error, Carter argues that he received ineffective assistance of trial counsel. Specifically, he argues that his counsel was ineffective for failing to file a suppression motion in trial court case 25CR0008 to seek to suppress the statement Carter made to Officer Westenbarger about possessing cocaine.

Standard of Review

**{¶31}** The Sixth Amendment to the United States Constitution provides that an accused is entitled to the assistance of counsel in a criminal case. U.S. Const., amend. VI. For a conviction to be reversed based on a claim of ineffective assistance of counsel, a defendant must first prove that his or her counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Next, the defendant must show that he or she was prejudiced by counsel's deficient performance. *Id.* This requires the defendant to show that the attorney's errors "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

**{¶32}** The failure of trial counsel to file a suppression motion does not by itself constitute ineffective assistance of counsel. *State v. Morgan*, 2019-Ohio-2785, ¶ 25 (5th Dist.), citing *State v. Madrigal*, 2000-Ohio-448. To show that counsel was ineffective for failing to file a suppression motion, "'a defendant must show: (1) a

-11-

basis for the motion to suppress; (2) that the motion had a reasonable probability of success; and (3) a reasonable probability that suppression of the challenged evidence would have changed the outcome at trial.'" *State v. Grove*, 2020-Ohio-1123, ¶ 40 (5th Dist.), quoting *State v. Phelps*, 2018-Ohio-4738, ¶ 13 (5th Dist.). A defendant will not prevail on a claim of ineffective assistance of counsel when the decision not to file a suppression motion "'"was a tactical decision, there was no reasonable probability of success, or there was no prejudice,' or where counsel could have reasonably decided that filing such a motion would have been futile, even if there is evidence in the record to support such a motion." *Phelps* at ¶ 13, quoting *State v. White*, 2018-Ohio-18, ¶ 39 (4th Dist.).

## Analysis

**{¶33}** In his first assignment of error, Carter argues that his trial counsel was ineffective for failing to file a suppression motion.[1] Specifically, he contends that his trial counsel should have sought to suppress the statement Carter made to Officer Westenbarger about having a small bit of cocaine on Carter's person. Carter contends that the record is clear that Officer Westenbarger did not "Mirandize" Carter, that the statement was testimonial, and that it should have been suppressed.

**{¶34}** First, we note that spontaneous statements made by a defendant to police are not subject to suppression. *State v. Hunt*, 1981 Ohio App. LEXIS 11266

---

[1] We note that Carter's first assignment of error pertains only to trial court case 25CR0008, corresponding to appeal 13-25-20.

(9th Dist.). It is not clear from the record whether Carter made his statement in response to any question posed to him or he made the statement after Officer Westenbarger had already removed the suspected cocaine during the search incident to arrest.

{¶35} Nevertheless, even if we assumed, without finding, that Carter is correct that his trial counsel should have filed a suppression motion in this matter, *and* we assumed that the suppression motion would have been successful, we find absolutely no prejudice here, which is fatal to Carter's argument. *See State v. Nields*, 2001-Ohio-1291 (holding that even if some evidence in the record supports a motion to suppress, there is still no valid claim for ineffective assistance of counsel where there "was no prejudice to the defendant.").

{¶36} Carter was searched incident to his arrest, leading to the discovery of the suspected cocaine. The substance was found on Carter's person, was sent for testing, and found to contain cocaine. Even if Carter had never stated that the substance was cocaine, it was still lawfully found on his person, then tested and found to contain cocaine. The evidence thus still overwhelmingly supported a conviction for Possession of Cocaine even in the absence of Carter's statement, thus any suppression motion would have had no material impact on this case. For all of these reasons, Carter's first assignment of error is overruled.

*Conclusion*

**{¶37}** Having found no error prejudicial to Carter in the particulars assigned and argued, his assignments of error are overruled and the judgments of the Seneca County Common Pleas Court are affirmed.

***Judgments Affirmed***

**ZIMMERMAN, P.J. and MILLER, J., concur.**

Case Nos. 13-25-19, 13-25-20

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgments of the trial court are affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

---

Juergen A. Waldick, Judge

---

William R. Zimmerman, Judge

---

Mark C. Miller, Judge

DATED:
/jlm

-15-